**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LORI J. IRISH, *et al.*,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

2:14-cv-01349-LDG-VCF

**ORDER**

    This matter involves *pro se* Plaintiffs' Federal Tort Claim Act ("FTCA") claims action against the United States of America ("United States") and the National Labor Relations Board ("NLRB"). Before the court is Defendants' unopposed Motion to Stay Discovery pending resolution of Defendants' Motion to Dismiss. (#11[1]). For the reasons stated below, Defendants' motion is granted.

**BACKGROUND**

    In 2007, the NLRB issued a decision and order against various business entities. "Board Order," reported at 351 NLRB 1208. Plaintiffs consist of a manager and holders of interests in those entities. The order directed the business entities to make whole 16 discriminatees for losses resulting from violations of the National Labor Relations Act. In furtherance of this order, the Ninth Circuit issued a Protective Restraining Order ("PRO") against Plaintiffs. *NLRB v. Advanced Architectural Metals, Inc. et al.*, Case No. 08-70352, Case No. 08-70352 (9th Cir., Mar. 6, 2008), Dkt. # 12. The PRO enjoins Plaintiffs from disposing of assets belonging to the business entities until they furnished $921,391 to the NLRB. There were several exceptions and conditions to this general prohibition. The relevant passage

---

[1] Parenthetical citations refer to the court's docket.

for this matter is Paragraph 3 of the PRO, which states, "disposition of the Company's assets may be applied to bona fide current operating expenses (such as salaries of employees, rent, utilities, maintenance, insurance, legal fees and federal, state, county and local taxes)…"

Litigation between these parties continued through 2010, as the NLRB Board issued supplemental orders against Plaintiffs. Plaintiffs argue that the PRO required Defendants to pay Plaintiffs' taxes, legal fees, and operational expenses during the investigation and hearing proceedings. (#1). Defendants did not pay these expenses.

On August 19, 2014, Plaintiffs filed a Complaint against Defendants. (#1). Plaintiffs alleged causes of actions generally under the Federal Tort Claims Act ("FTCA") and specifically under 28 U.S.C. § 2680(h) for abuse of process and interference with contract rights based on Defendants' violation of the PRO.

On November 25, 2014, Defendants moved to dismiss the Complaint for lack of jurisdiction. (#6). Defendants argued that the United States had not waived sovereign immunity for violating a PRO under the FTCA, because the FTCA creates liability for torts, violations of some duty imposed by state law. 28 U.S.C. § 2680(h) retains immunity for the United States in cases of abuse of process and interference with contract rights except in cases involving an "investigative or law enforcement officer…empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Defendants also argued that the NLRB is not a proper defendant, because agencies of the United States cannot be sued under the FTCA. (#6). Lastly, the Defendants argue that the Complaint fails to state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). This is based on Defendants' previous argument of the duty element of tort law and of their reading of the PRO. Defendants argue that it merely allows Plaintiffs to make certain expenditures and does not place a duty on Defendants to do so.

A Response was filed on January 5, 2015. (#12). The Plaintiffs conceded all but one cause of action against one Defendant, the United States. Plaintiffs conceded that the NLRB is not a proper defendant. Further, the Plaintiffs conceded that claims for abuse of process and contractual interference under 28 U.S.C. § 2680(h) against the United States cannot survive. Plaintiffs did not concede their claim under the FTCA against the United States. Plaintiffs state that the NLRB's violation of the PRO, a valid court order, puts them in contempt of Nevada law and satisfies the duty element necessary to actions under the FTCA. Plaintiffs also dispute Defendants' reading of the PRO. Plaintiffs asked for the Motion to be denied or for leave to amend as necessary.

A Reply was filed on January 15, 2015. (#13). Defendants argue that contempt is not a basis for a private tort claim. Further, since the PRO was issued by a federal court, no state court would have jurisdiction to find Defendants in contempt of the PRO.

Defendants moved to stay discovery on January 2, 2015. (#11). Plaintiffs have not filed a response with this court, and it is now past the 14 days specified in Local Rule 7-2(b) for filing a response.

**LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp*. 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co*., 125 F.R.D. 508 (D. Nev. 1989) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine

whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## DISCUSSION

Defendants' Motion to stay is granted for two reasons. First, Plaintiff failed to file an opposition to Defendants' motion to stay. Local Rule 7-2(d) states, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." Here, Plaintiffs failed to file points and authorities in opposition to Defendants' motion. As a result, Defendants consented to the granting of the motion under Local Rule 7-2(d).

Second, Defendants' Motion to Stay is granted on the merits. The pending motion to dismiss is a dispositive motion that may resolve all issues in controversy. In addition, in the Plaintiffs' Response to the Motion to Dismiss, Plaintiffs conceded that all but one cause of action against one Defendant cannot stand. (#12). Based on the Plaintiffs' Response, only the claim against the United States under the FTCA for violation of the PRO is at issue. Defendants' argument to dismiss this cause of action first rests on jurisdictional or immunity issues regarding whether violation of a PRO can serve as a basis for a claim under the FTCA. (#6, #13). Because this is a purely legal question, it does not raise factual issues. Defendants also have a second argument for dismissal: Plaintiffs have failed to state a claim for which relief can be granted because the PRO did not place any duty upon the Defendants to pay Plaintiffs' expenses. (#6, #13). This argument does not require discovery to address, because the PRO has already been attached to pleadings from Plaintiffs and Defendants. Neither side has argued that any extrinsic evidence would be helpful in interpreting the PRO.

After a "preliminary peek," the Court finds that the Motion to Dismiss has merit and is likely to be granted in full. Plaintiffs have conceded that most of their claims cannot stand. (#12). Defendants raise three compelling arguments in favor of dismissing the only remaining contested claim. First, there is no authority, including language in Nevada Revised Statue 22.100(3), suggesting that violating a court order gives rise to a private cause of action. The process for finding contempt is laid out in the statute. It requires an affidavit to the court and allows the judge to issue a warrant upon that affidavit. NEV. REV. STAT. 22.030-.040 (2015). There is no process given whereby an order can be enforced based on suit by the opposing party. The party's duty to obey a court order is to the court, not the opposing party. In addition, jurisdiction for defining contempt in this matter lies with the federal court. *See McCormick v. Sixth Judicial Dist. Court in & for Humboldt Cnty.*, 218 P.2d 939, 944 (1950) (holding that under Sec. 8943, N.C.L.1929, the right to determine a contempt charge remains with the tribunal, though the specific judge is disqualified).

Furthermore, the Defendants' reading of the PRO seems to be correct. (#6, #13). The language does not create a duty for the Defendants. Taken in context, the language seems directed at Plaintiffs. After the portion regarding paying expenses, Paragraph 3 states, "PROVIDED FURTHER that the Company shall" keep written records of transactions in excess of $500.00. Even if the portion on paying expenses were directed at Defendants, the passage says "may be," not must be. Without prejudging the outcome of the Motion to Dismiss, the Court is convinced according to the legal standard for issuing this Order that the plaintiff is unable to state a claim for relief.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay (#11) is GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED for four months or until the District Court adjudicates Defendants' Motion to Dismiss, whichever occurs first.

IT IS FURTHER ORDERED that, in the event Defendants' Motion to Dismiss is denied, the parties MUST file a proposed Discovery Plan and Scheduling Order within twenty days of the court's decision.

IT IS FURTHER ORDERED that a status hearing is scheduled for 10:00 a.m., July 7, 2015, in courtroom 3D.

IT IS SO ORDERED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 10th day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE