1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8
9
10
11
12
13
14
15

COLBY IRISH, *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 2:14-cv-01349-LDG (VCF)

**ORDER**

16    This matter continues the litigation between plaintiff Lori Irish and the National Labor

17  Relations Board.  In 2007, the Board issued a Decision and Order that required certain

18  entities (in which the plaintiffs allege an indirect ownership interest) to make whole 16

19  discriminatees for losses resulting from violations of the National Labor Relations Act.  To

20  protect the future court enforcement of that Decision and Order, the NLRB sought a

21  Protective Restraining Order (PRO) from the Ninth Circuit, which was issued.

22    Irish, and plaintiffs Colby Irish and Lortex Trust, allege in the present suit that the

23  PRO imposed a duty on the NLRB to pay certain expenses on their behalf, but that the

24  NLRB failed to do so.  The plaintiffs allege claims pursuant to 28 U.S.C. §2680(h) and the

25  Federal Tort Claims Act against the NLRB and the United States of America.  The

26  defendants move to dismiss for lack of jurisdiction (#6), which motion the plaintiffs oppose

1   (#12).  Having read and considered the pleadings and papers, the Court finds that it lacks
2   subject matter jurisdiction and will dismiss this action.

3          On December 27, 2007, the NLRB issued a Decision and Order after an
4   administrative law judge found that Advanced Architectural Metals, Inc. (AAM) and its alter
5   ego companies violated the National Labor Relations Act (NLRA) §§ 8(a)(1), 8(a)(2),
6   8(a)(3), and 8 (a)(5). *Advanced Architectural Metals, Inc. & Its Alter Egos*, 351 NLRB 1208
7   (2007).  To enforce the NLRB's Order, the Ninth Circuit issued a Protective Restraining
8   Order (PRO) against AAM et al. in 2008. *NLRB v. Advanced Architectural Metals, et al.*, 08-
9   73646. In 2010, the NLRB issued a Supplemental Decision and Order (SDO) liquidating
10  AAM et al. for the amount it owed in back pay and benefits from the original violations in
11  2007. *Advanced Architectural Metals, Inc. & Its Alter Egos,* 355 NLRB 921 (2010).  As
12  previously noted, the plaintiffs allege the PRO imposed a duty on the NLRB to pay certain
13  expenses on their behalf, but that the NLRB failed to do so.

14         As conceded by the plaintiffs, they cannot maintain their suit against the NLRB.
15         The United States is immune from suit unless it waives its sovereign immunity.
16  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "Sovereign immunity is jurisdictional in nature."
17  Id. at 475.  The FTCA provides a waiver of the United States' sovereign immunity from
18  suits alleging certain common law torts by federal officials acting within the scope of their
19  employment , subject to enumerated exceptions.  28 U.S.C. §§ 2671-2680; *see also*
20  *Meyer*, 510 U.S. at 475.  However, pursuant to §2680(h), the government's sovereign
21  immunity has been preserved as to "[a]ny claim arising out of . . . abuse of process . . . or
22  interference with contract rights."  Accordingly, as conceded by the plaintiffs, this Court
23  lacks jurisdiction over the plaintiffs' complaint to the extent the plaintiffs allege claims
24  arising out of abuse of process or interference with contract rights.

25         This Court also lacks jurisdiction over the plaintiffs' claims to the extent they argue
26  their claims arise from the government's alleged violation of the PRO.  The FTCA allows a

2

1   cause of action against the United States for tort claims when a private individual under like

2   circumstances would be liable to the plaintiff for a tort in accordance with the law of the

3   place where the act or omission occurred. 28 U.S.C. §2674.  That is, an FTCA action must

4   be premised on a violation of state law creating a duty owed to the plaintiff.  *See Delta Sav.*

5   *Bank v. United States*, 265 F.3d 1017, 1025(9th Cir. 2001).  Nevada tort law governs here.

6   To establish a tort claim under Nevada law, a plaintiff must establish the following

7   elements:  (1) the defendant owed a legal duty to the plaintiff; (2) defendant breached that

8   duty; (3) the breach was the actual and proximate cause of the plaintiff's injuries; and (4)

9   plaintiff was injured.  See *Larson v. Homecomings Financial, LLC*, 680 F. Supp. 2d 1230,

10  1235 (D. Nev. 2009) (citing *Scialabba v. Brandise Constr. Co.*, 112 Nev. 965, 921 P.2d

11  928, 930 (Nev.1996)).

12       Whether a defendant owes a plaintiff a duty of care is a question of law.  *Scialabba*,

13  921 P.2d at 930; see also *Ashwood v. Clark County*, 930 P.2d 740, 743 (Nev. 1997).That

14  question is answered by looking to common law.  *See Ashwood,* 930 P.2d at 742-43; *see*

15  *also Mangeris v. Gordon*, 580 P.2d 481, 483-84 (Nev. 1978).  Thus, the initial question is

16  whether the federal government owed the plaintiffs any duty of care under state law relative

17  to the taxes, fees, and expenses referenced in the Complaint.  *See Louie v. United States*,

18  776 F.2d 819, 822 (9th Cir. 1985).

19       A review of the plaintiffs' complaint establishes that they have not alleged a duty

20  owed to the plaintiffs arising out of state law.  Rather, as the plaintiffs acknowledge in their

21  opposition, they argue an obligation owed to them under the terms of the PRO.  The

22  plaintiffs argue that, under state law, the violation of a court order could result in an order of

23  contempt of court.  The argument fails to establish that this court has jurisdiction.  At issue

24  in the present matter is the order of a federal court, not an order of a state court or a state

25

26

3

1  law creating a duty to the plaintiff.  As such, the Court lacks subject matter jurisdiction over

2  the plaintiffs' claims.[1]

3      Therefore, THE COURT **ORDERS** that Defendants' Motion to Dismiss (#6) is

4  GRANTED.

5

6  DATED this 31 day of July, 2015.

7

8  _____
   Lloyd D. George

9  Sr. United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23  _____

   [1]

24      The most cursory review of the PRO establishes that it did not impose any duty on
   the government to pay the taxes, corporate legal fees and other operational expenses of
25  the various entities subject to the PRO.  As such, even if the Court had subject matter
   jurisdiction over the plaintiffs' complaint, it would be required to dismiss the complaint for
26  failure to state a claim.